## No. 223.

### Jos. Martinez *v.* Geo Fouche *et al.*

1. Upon an appeal from a judgment disposing of a rule by an adjudicatee, at sheriff's sale, to secure a deed, all the documents, etc., in the record, are not to be considered by this Court; only those specially offered and accepted upon the trial of such rule can be noticed.
2. Where one claims title to property, by virtue of a sheriff's adjudication, to make out his case, he must exhibit in evidence the judgment, writ and sheriff's return.
3. The sheriff has authority only to adjudicate absolutely, or, in proper case, to decline to so do: he cannot make a conditional, or contingent adjudication.

*Appeal from Civil District Court, Division D. Rightor, J.*

*R. H. Marr* and *R. G. Harris* for plaintiff and appellee.

*H. P. Dart* and *Alfred Shaw* for defendant and appellant.

McGloin, J.—Plaintiff having bid at a sale, under execution one hundred and five ($105) dollars for certain real property, proceeds, by rule, against the Civil Sheriff of this Parish. to compel that officer to execute to him a formal deed and place him in possession. It seems that the particular property in question, belonging to Geo. Fouche, is, and was at the time of the bidding, aforesaid, charged with a special mortgage executed by said Geo. Fouche, in favor of Mrs. Anna Oser, in a sum far exceeding the amount of the said bid. Said Mrs. Oser has been made by plaintiff a defendant in the rule, and she attacks the validity of the sale upon the grounds that there was no lawful bidding, inasmuch as

the sheriff's adjudication was not absolute but conditional, and inasmuch also as the sum bid was less than the amount of her prior special mortgage.

Upon examining the note of the evidence, tendered by plaintiff upon the trial of this rule, we find that he has failed to place before us either his judgment or the writ of *fieri facias*, issuing to enforce his said judgment, or the sheriff's return upon such writ.

This Court, as one strictly appellate, has no connection with, or cognizance over this cause, in anything but the particular rule that, after trial and adjudication below, has been brought up to it by the appeal. We can notice nothing that was not properly introduced upon the trial of the rule; and the mere fact that the judgment, execution and return are among the papers as a portion of the record, in those parts thereof antecedent to the origin and determination of this particular issue, does not introduce such documents to our notice. We, therefore, must determine the cause, excluding said documents from consideration.

It is almost elementary, that one appearing for the purpose of enforcing property rights, acquired under a sheriff's adjudication, must exhibit his judgment, writ and the return thereon; and applying this principle, we should be compelled to dismiss this rule.

Plaintiff, however, has offered the sheriff's answer to the rule, and he may consider himself entitled to rely upon the declarations thereof, not restricted by objection, as establishing the existence of his judgment and of the writ and adjudication thereunder.

Even if we should admit him to be entitled to such a ruling on our part, which we refrain from doing, we find that the sheriff's answer denies making a definitive adjudication, but declares that, when the bidding was completed, he considered that no adjudication should be made, by reason of the inadequacy of the sum offered; that finally he did *conditionally* adjudicate.

The exact language, in this connection, of the sheriff's answer is as follows: "That said mover was unable to furnish your respondent with any evidence establishing his rank and privilege,

as superior to said mortgage which is for the sum of four hundred and twenty-five dollars, and is held by Mrs. Oser, of New Orleans, and mover (?) therefore declined to make an absolute adjudication of said property, but adjudicated the same upon the condition that said plaintiff should establish his rights, rank and privilege contradictorily with the proper parties before the Court."

We should take this this answer, by reason of plaintiff's offer thereof, as a true statement of the facts; and we have no hesitation in saying that, if the recitations of this answer can stand for judgment, writ and return, they disclose a transaction utterly beyond the powers of the sheriff, and utterly null and void. The sheriff has no authority other than to adjudicate or refuse to adjudicate, according to circumstances. He can make no conditional adjudication, having no fixity of character whatever. The question about these conflicting mortgages or claims may have deterred bidders and caused a low price to be tendered. It would, under such circumstances, be unfair to the defendant and to Mrs. Oser to permit an adjudication to lie over in uncertainty, dependent upon the outcome of future litigation, in such manner that the bidder acquired, in fact, not the property absolutely, as the *hope of securing* it by means of a recourse to law.

The judgment appealed from made absolute the rule of plaintiff, and it is in our opinion erroneous. It is therefore reversed, and the rule of plaintiff is dismissed, plaintiff to pay all costs.